## Commonwealth v. Martin

*Bernard E. DiJoseph*, District Attorney, and *Nicholas H. Larzelere*, Assistant District Attorney, for Commonwealth.

*Conrad G. Moffett*, for defendant.

KNIGHT, P. J., October 18, 1955. — Defendant is charged with a violation of section 1827 of the Pennsylvania Election Code of June 3, 1937, P. L. 1333, 25 PS §3527.

The district attorney filed an answer in which all the averments of the petition on which the motion was allowed were admitted.

The motion must be allowed. The transcript informs us that defendant, a candidate for the office of township commissioner on the Republican ticket, caused to be printed the following letter:
"E. Vincent Westfield, PH.D., President
Robert Jackson, Vice-President
Mrs. Emma Barton Rose, Secretary
Loretto Ellis, Treasurer

Candidate Research
  Committee
    Leon DeMarkell
    Dr. Raymond Garvey
    Alton P. Johns
    Mrs. P. J. McGraw
    Mrs. Edward Werner
              DEMOCRATIC COMMITTEE
                      FOR
  BETTER CANDIDATE FOR PUBLIC OFFICE
Dear Voters:
  On Tuesday you will go to the polls to determine and
nominate whom you wish to serve you in public office.
We people of the Democratic Committee, have given
serious thought to all candidates and in particular to
candidates for Township Commissioner. After careful
checking and consideration of qualifications, we find
Leo J. Martin, although a candidate on the Republican
ballot best choice of our committee for office of Town-
ship Commissioner. A long-time resident of Willow
Grove, most familiar with problems concerning the
people of Willow Grove, we find him to have given of
himself and his finances to make way for better gov-
ernment locally and to be devoted to bettering condi-
tions for all the people, not just a few of the people, and
for this reason we endorse him and ask you as a Demo-
cratic voter to cast your vote for Leo J. Martin. We ask
you to write his name in the space provided on your
ballot for this purpose or, use the attached gum sticker
to paste on your ballot and mark an X beside the name
of Leo J. Martin.
              Sincerely in Friendship,
          E. VINCENT WESTFIELD, Ph. D.
                              President"
  The transcript further informs us that in the opinion
of the informant the names appearing on the above
letter as members of the "Democratic Committee, etc."

were fictitious. No evidence was produced that defendant mailed or otherwise distributed the letters.

Section 1827 of the Pennsylvania Election Code, supra, provides:

"If any person shall prevent or attempt to prevent any election officers from holding any primary or election, under the provisions of this act, or shall use or threaten any violence to any such officer; or shall interrupt or improperly interfere with him in the execution of his duty; or shall block up or attempt to block up the avenue to the door of any polling place; or shall use or practice any intimidation, threats, force or violence with design to influence unduly or overawe any elector, or to prevent him from voting or restrain his freedom of choice; or shall prepare or present to any election officer a fraudulent voter's certificate not signed in the polling place by the elector whose certificate it purports to be; or shall deposit fraudulent ballots in the ballot box; or shall register fraudulent votes upon any voting machine; or shall tamper with any district register, voting check list, numbered lists of voters, ballot box or voting machine; or shall conspire with others to commit any of the offenses herein mentioned, or in any manner to prevent a free and fair primary or election, he shall be guilty of a misdemeanor, and, upon conviction thereof, shall be sentenced to pay a fine not exceeding one thousand ($1,000.00) dollars, or to undergo an imprisonment of not less than six (6) months nor more than five (5) years, or both, in the discretion of the court."

It will be noted that this section covers many situations in which force or intimidation was used to compel an election official or voter to do some act or vote in a certain way or to prevent a voter from voting. The act of defendant is not covered by any of the situations specifically mentioned.

It may be urged that the words "or in any manner

to prevent a free and fair primary or election" would cover the conduct of defendant. We believe these words must be construed in the light of the rest of the section and they prohibit any use of fraud, force and intimidation that would prevent a free and fair election. All decent citizens will condemn such campaign practices as are disclosed by this transcript and our observation has been that they usually react against the person or persons responsible for them. However, even if defendant was guilty of having the letters printed, we cannot see how they could be said to prevent a free and fair election by fraud, force and intimidation so far as the actual voting is concerned.

There is no evidence that defendant mailed, distributed or circulated the letters, even if he did have them printed.

And now, October 18, 1955, the motion is allowed and the transcript is quashed.